1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  SHARON L. BICKFORD,                     No. 2:15-CV-1681-CMK

12               Plaintiff,

13        vs.                               MEMORANDUM OPINION AND ORDER

14  COMMISSIONER OF SOCIAL
    SECURITY,
15
                 Defendant.
16
    _____/
17

18          Plaintiff, who is proceeding with retained counsel, brings this action under

19  42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security.

20  Pursuant to the written consent of all parties, this case is before the undersigned as the presiding

21  judge for all purposes, including entry of final judgment.  See 28 U.S.C. § 636(c).  Pending

22  before the court are plaintiff's motion for summary judgment (Doc. 16) and defendant's cross-

23  motion for summary judgment (Doc. 23).

24  / / /

25  / / /

26  / / /

                                        1

# I.  PROCEDURAL HISTORY

Plaintiff applied for social security benefits on February 14, 2012.  In the application, plaintiff claims that disability began on August 10, 2010.  Plaintiff's claim was initially denied.  Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on September 10, 2013, before Administrative Law Judge ("ALJ") L. Kalei Fong.   In a January 27, 2014, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

1.  The claimant has the following severe impairment(s): degenerative disc disease of the cervical and lumbar spine, and degenerative joint disease of the bilateral shoulders;

2.  The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3.  The claimant has the following residual functional capacity: the claimant can perform light work; she can lift and carry 10 pounds frequently and 20 pounds occasionally; she can sit for 6 hours in an 8-hour day, with normal breaks; she can stand and/or walk for 6 hours in an 8-hour day, with normal breaks; she can frequently reach, push, and pull bilaterally; she can occasionally perform postural activities, except that she can frequently balance and kneel; she can frequently work near unprotected heights and vibrations; she can occasionally work near humidity and wetness; she can never work near extreme cold or heat; and she is unable to work around loud noise; and

4.  Considering the claimant's age, education, work experience, residual functional capacity, and the Medical-Vocational Guidelines, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

After the Appeals Council declined review on June 8, 2015, this appeal followed.

# II.  STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is more than a mere scintilla, but less than a preponderance.  See Saelee v. Chater, 94 F.3d 520, 521

(9th Cir. 1996).  It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence.  See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987).  Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

## III.  DISCUSSION

In her motion for summary judgment, plaintiff argues that the ALJ improperly rejected the opinions of examining physician Dr. Van Kirk.  The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals.  See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual, than the opinion of a non-treating professional.  See id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).  The least weight is given to the opinion of a non-examining professional.  See Pitzer v. Sullivan, 908 F.2d 502, 506 & n.4 (9th Cir. 1990).

/ / /

1           In addition to considering its source, to evaluate whether the Commissioner

2  properly rejected a medical opinion the court considers whether:  (1) contradictory opinions are

3  in the record; and (2) clinical findings support the opinions.  The Commissioner may reject an

4  uncontradicted opinion of a treating or examining medical professional only for "clear and

5  convincing" reasons supported by substantial evidence in the record.  See Lester, 81 F.3d at 831.

6  While a treating professional's opinion generally is accorded superior weight, if it is contradicted

7  by an examining professional's opinion which is supported by different independent clinical

8  findings, the Commissioner may resolve the conflict.  See Andrews v. Shalala, 53 F.3d 1035,

9  1041 (9th Cir. 1995).  A contradicted opinion of a treating or examining professional may be

10  rejected only for "specific and legitimate" reasons supported by substantial evidence.  See Lester,

11  81 F.3d at 830.  This test is met if the Commissioner sets out a detailed and thorough summary of

12  the facts and conflicting clinical evidence, states her interpretation of the evidence, and makes a

13  finding.  See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989).  Absent specific and

14  legitimate reasons, the Commissioner must defer to the opinion of a treating or examining

15  professional.  See Lester, 81 F.3d at 830-31.  The opinion of a non-examining professional,

16  without other evidence, is insufficient to reject the opinion of a treating or examining

17  professional.  See id. at 831.  In any event, the Commissioner need not give weight to any

18  conclusory opinion supported by minimal clinical findings.  See Meanel v. Apfel, 172 F.3d 1111,

19  1113 (9th Cir. 1999) (rejecting treating physician's conclusory, minimally supported opinion);

20  see also Magallanes, 881 F.2d at 751.

21           As to Dr. Van Kirk, the ALJ stated:

22  . . .Consultative physician Dale Van Kirk, M.D., examined the claimant on
November 14, 2013, and opined that even with her impairments, she could

23  lift and carry 10 pounds frequently and 20 pounds occasionally; she could
sit for 1 hour at a time, for a total of 6 hours in an 8-hour workday; she

24  could stand and walk for 1 hour at a time, for a total of 4 hours in an 8-
hour workday; she could frequently reach, push, and pull bilaterally; she

25  could frequently climb stairs and ramps; she could occasionally climb
ladders or scaffolds, balance, stoop, and kneel; she could never crouch or

26  crawl; she could frequently work near unprotected heights and vibrations;

she could occasionally work near humidity and wetness; she could never work near extreme cold or heat; and she is unable to work around loud noise (e.g., heavy traffic) (Ex. 13F).

Reviewing physician Lloyd Anderson, M.D., wrote a December 18, 2012, opinion and similarly opined that the claimant could perform light exertional work, but added that the claimant could stand and/or walk for about 6 hours in an 8-hour workday, with normal breaks; she could sit for about 6 hours in an 8-hour workday, with normal breaks; she could occasionally perform postural activities, except that she could frequently balance and kneel; and she must avoid concentrated exposure to extreme cold and hazards (Ex. 3A/6-8).

Drs. Van Kirk and Anderson's opinions are generally given significant weight because they are consistent with the discussed progress notes that show that the claimant's condition is well controlled and has responded to conservative care. Accordingly, the above residual functional capacity finding is based on their opinions.

However, while the undersigned gives significant weight to Dr. Van Kirk's opinion of the claimant's manipulative abilities, the undersigned gives more weight to Dr. Anderson's opinion of the claimant's standing, walking, sitting, and postural abilities. Admittedly, progress notes show that the claimant has shown some decreased spinal range of motion (Ex. 2F, 5F, 12F). However, considering that progress notes show that the claimant has only been advised to avoid heavy lifting and bending (Ex. 2F/13), Dr. Van Kirk's opinion of the claimant's postural abilities is too restrictive.

Plaintiff argues:

The ALJ rejects Dr. Van Kirk's significant limitations on standing and walking. AR 17. The ALJ rejected the opinion of Dr. Van Kirk in favor of the non-examining record review state agency physicians. AR 17 citing AR 58-67. The non-examining non-treating physician opinion on which the ALJ gives great weight over the examining opinion does not provide any refuge for the ALJ's deficient analysis. . . .

In fact, the non-examining physician who offered his opinion in December 2012 had less of the medical file to review then [sic] Dr. Van Kirk. AR 381, 386 (noting April 17, 2013, MRI reviewed). Therefore, the ALJ incorrectly gave weight to the December 2012 non-examining state agency opinion over the more recent December 2013 examining opinion of Dr. Van Kirk because the non-examining physician opinion was stale and relied on a record that was incomplete, in light of further development, a year later. AR 17. . . .

/ / /

/ / /

1    Plaintiff relies on <u>Stone v. Heckler</u>, 761 F.2d 530 (9th Cir. 1985), for the

2  proposition that earlier medical evaluations do not constitute substantial evidence to rebut the

3  conclusions of a later report.  <u>Stone</u>, however, is distinguishable.  In <u>Stone</u>, the plaintiff's

4  condition was progressively deteriorating and the most recent medical opinion was that the

5  plaintiff could not work in any job requiring the use of his lower extremities.  In the context of

6  those facts, the court concluded that erred in relying on reports from months earlier over the most

7  recent report.  Unlike <u>Stone</u>, there is no evidence in this case that plaintiff's condition was

8  progressively deteriorating.  At worst, and as the ALJ indicated, progress notes showed only

9  some decreased spinal range of motion.  Despite this finding, progress notes also showed that

10  plaintiff was only advised to avoid heavy lifting and bending.  Moreover, as the ALJ also

11  indicated, the record reflects that plaintiff's condition was well-controlled and has responded to

12  conservative care.

13    Given the facts of this case, the court rejects plaintiff's argument that Dr. Van

14  Kirk's more recent opinion cannot be rebutted by Dr. Anderson's older opinion.  The court also

15  concludes that Dr. Anderson's opinion constitutes substantial evidence supported by the record

16  as a whole and that the ALJ cited proper reasons for rejecting the conflicting portion of Dr. Van

17  Kirk's opinion.

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

1

## IV.  CONCLUSION

2              Based on the foregoing, the court concludes that the Commissioner's final

3   decision is based on substantial evidence and proper legal analysis.  Accordingly, IT IS HEREBY

4   ORDERED that:

5              1.      Plaintiff's motion for summary judgment (Doc. 16) is denied;

6              2.      Defendant's cross-motion for summary judgment (Doc. 23) is granted; and

7              3.      The Clerk of the Court is directed to enter judgment and close this file.

8

9   DATED:  March 27, 2017

10

11                                                                 **CRAIG M. KELLISON**
                                                                   UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26